# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRUCE B. WHITMAN,** | Case No. 1:17-cv-00667 |
| Plaintiff, | Judge |
| v. | |
| **ESTATE OF ROY W. WHITMAN,** **ESTHER WHITMAN, EXTRX., ET AL.,** | **NOTICE OF REMOVAL** |
| Defendants. | |

Defendant Allianz Life Insurance Company of North America ("Allianz") hereby removes to this Court the state court action described below (Case No. A17003021, Court of Common Pleas, Hamilton County, Ohio) ("State Court Civil Case"). Removal is warranted under 28 U.S.C. §§ 1335 and 1441. In support of removal, Allianz states as follows:

## BACKGROUND

This interpleader action concerns three Allianz annuity policies, which Roy Whitman ("Roy"), now deceased, purchased in 2001. Roy was survived by his wife, Esther Whitman ("Esther"), who serves as Executor of his Estate; and by his three children from a previous marriage: Plaintiff Bruce B. Whitman ("Bruce"), Laura Whitman ("Laura"), and Joy P. Whitman Rush ("Joy").[1] Each annuity names one of his children as the annuitant: Policy Number 6949092 naming Joy (attached as **Exhibit A**); Policy Number 6949070 naming Laura (attached as **Exhibit**

---

[1] Bruce did not join Laura and Joy as parties in the state court civil case; however, as they are necessary and indispensable parties, Allianz seeks to join them in the interpleader action as Counterclaim Defendants or otherwise. Allianz's Joinder Motion, Answer to the Third Amended Complaint, Counterclaims, and Cross-claims were filed simultaneously with this Notice of Removal.

**B**); and Policy Number 6949081 naming Bruce (attached as **Exhibit C**) (collectively, the "Allianz Annuities"). The present value of each annuity is approximately $14,500.

In April 2017, Bruce, Laura, and Joy each made a claim for the respective annuity. (*See* Claims attached as **Exhibits D, E, and F**.) Esther rejected all three claims and Bruce thereafter commenced the State Court Civil Case by filing a complaint in the Court of Common Pleas of Hamilton County, in the State of Ohio, bearing case number A17003021 (operative complaint, which first joined Allianz to the State Court Civil Action, is attached as **Exhibit G**). Bruce alleges that Esther improperly rejected the claims for the Allianz Annuities.

Bruce filed several amended complaints, eventually adding Allianz as a Defendant in the now operative Third Amended Complaint, filed on September 1, 2017. (*Id.*) Allianz received the Third Amended Complaint on September 7, 2017. (*See* Return of Service attached as **Exhibit H**.) The crux of the Third Amended Complaint is that the "Allianz Annuities are not assets of the Estate and the named annuitants should be entitled to direct distribution of the annuities by Allianz." (Am. Compl. ¶ 43.) In other words, the issue is whether the Allianz Annuities should be distributed to Esther, as Executrix, or instead, should be distributed directly to Bruce, Joy, and Laura. The probate court continued its inventory hearing until January 18, 2018, pending resolution of the State Court Civil Case.

This case is now removable as a statutory interpleader action under 28 U.S.C. § 1335. Accordingly, this Court has jurisdiction.

**THIS CASE IS REMOVABLE AS A STATUTORY INTERPLEADER ACTION**

This case is removable as a statutory interpleader action, pursuant to 28 U.S.C. § 1335, which "provides an independent grant of subject matter jurisdiction." *Watson v. Cartee*, 817 F.3d 299, 303-04 (6th Cir.) (quoting *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*,

200 F. Supp. 2d 689, 694 (E.D. Ky. 2002)). Under 28 U.S.C. § 1335, district courts have original jurisdiction over any civil interpleader action that: (A) is contesting a fund of $500 or more; and (B) has "minimum diversity"—meaning that at least two adverse claimants are of diverse citizenship. *Id.* at 303 (citing 28 U.S.C. § 1335(a)–(a)(1)). "Moreover, an interpleader action brought pursuant to § 1335 enjoys liberal procedural rules including relaxed venue, personal jurisdiction and service of process requirements, as well as broad discretion to enjoin overlapping litigation." *Brotherhood Mut. Ins. Co.*, 200 F. Supp. 2d at 694.

The requirements of § 1335 are satisfied here.

**A.     The Allianz Annuities Surpass the Statutory Minimum of $500.**

At issue are three Allianz Annuities: Policy Numbers 6949092, 6949070, and 6949081. (Exhibits A, B, and C.) Each policy, on its own, has a present value of approximately $14,475.54. (*See* Policy No. 6949092, at 11 (Exhibit B) (listing a guaranteed cash value, for 16 policy years, at $14,442); 3d Am. Compl. ¶ 12 (alleging "a present value of about $14,800").) Thus, the total value of the contested funds is more than $43,000, which satisfies the amount in controversy requirement of 28 U.S.C. § 1335.

**B.     At Least Two Adverse Claimants are of Diverse Citizenship.**

Minimum diversity, the second requirement of 28 U.S.C. § 1335, is also satisfied. "In terms of the diversity element, unlike 28 U.S.C. § 1332, statutory interpleader requires only 'minimal diversity.'" *Watson*, 817 at 303. This means that there must be diversity between at least two of the claimants, "without regard to the circumstance that other rival claimants may be co-citizens." *Id.* at 303-04 (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)); *First Trust Corp. v. Bryant*, 410 F.3d 842, 852 n.4 (6th Cir. 2005) (explaining that where three claimants were from Georgia, North Carolina, and Kentucky respectively, a fourth claimant—also from

3

Kentucky—would not defeat minimal diversity). "Thus, as long as at least two of the claimants to the [Allianz Annuities] are citizens of different states, the district court possesse[s] original subject-matter jurisdiction over [the] interpleader action." *See id.* at 304.

Here, the four claimants to the Allianz Annuities are diverse for purposes of the interpleader statute. Esther is an Ohio resident residing at 7137 Fair Oaks Drive, Cincinnati, OH 45237. (*See* Am. Probate Form 1.0 attached as **Exhibit I**.) Laura is a New York resident residing at 310 West 72nd Street, Apartment 3A, New York, NY 10023 (*id.*), and Bruce is a California resident residing at 76120 Osage Trail, Indian Wells, CA 92210 (*id.*). (The fact that Joy recently moved from California back to Ohio does not destroy diversity because only minimum diversity—and not complete diversity—is required to confer statutory interpleader jurisdiction. *See Watson*, 817 F.3d at 303-04; *First Trust Corp.*, 410 F.3d at 852 n.4.) Thus, at least two adverse claimants are of diverse citizenship, which satisfies the minimum diversity requirement of 28 U.S.C. § 1335.

Moreover, "the Court determines 'minimal diversity' without regard to the citizenship of a stakeholder who deposits the disputed money or property into the Court's registry and is subsequently discharged from further liability by the Court." *Brotherhood Mut. Ins. Co.*, 200 F. Supp. 2d at 694. This is because the stakeholder, by interpleading, "effectually demonstrates the applicant's disinterestedness as between the claimants and as to the property in dispute." *Id.* at 694-95 (quoting *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 72 (1939)). This is the exact situation here: Allianz is disinterested in who receives the Allianz Annuities—and will distribute the property to the appropriate party or parties. Thus, Allianz's citizenship is irrelevant and this Court has jurisdiction over the action under 28 U.S.C. § 1335.

**ALL REMOVAL PROCEDURES ARE SATISFIED**

4

Bruce filed the Third Amended Complaint on September 1, 2017. (*See* Exhibit G.) This was the first time Bruce named Allianz as a Defendant—serving Allianz with the Third Amended Complaint on September 7, 2017. (*See* Exhibit H.) Accordingly, this removal is timely, since it occurred "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3); *see also id.* § 1446(b)(1) (requiring notice of removal to be filed within 30 days of receiving "a copy of the initial pleading setting forth the claim of relief").

The consent of Defendants to removal is not required under the federal interpleader statute. *See id.* §§ 1335, 1446(b)(2)(A).

Jurisdiction in this interpleader action is not barred by the probate exception. *See Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1072 n.6 (2d Cir. 1990) ("We have found no reported decision in which the probate exception has foreclosed a federal court from exercising interpleader jurisdiction."); *see also, e.g.*, *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 719 (E.D.N.Y. 2012) ("[T]he probate exception to federal jurisdiction is inapplicable here, as this Court is not being called on to probate the decedent's will or administer his estate. Instead, this action was filed for the sole purpose of determining the proper beneficiary of a life insurance policy[.]").

Copies of all other process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit J**. *See* 28 U.S.C. § 1446(a).

Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the Hamilton County Court of Common Pleas. *See id.* § 1446(d).

Allianz hereby reserves its right to amend this notice of removal.

**WHEREFORE**, Allianz respectfully removes this action from the Common Pleas Court of Hamilton County, in the State of Ohio, to this Court.

        Respectfully submitted,

        */s/ Russell S. Sayre*
        Russell S. Sayre (0047125)
        Julia B. Meister (0065575)
        Brian A. Morris (0093530)
        TAFT STETTINIUS & HOLLISTER LLP
        425 Walnut Street, Suite 1800
        Cincinnati, OH 45202-3957
        Phone: (513) 381-2838
        Fax: (513) 381-0205
        sayre@taftlaw.com
        meister@taftlaw.com
        bmorris@taftlaw.com

        *Trial Attorneys for Defendant Allianz Life*
        *Insurance Company of North America*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on October 5, 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  A copy will also be served via electronic mail to the following:

<table>
<tr><td>

Bruce B. Whitman (0003662)  
76120 Osage Trail  
Indian Wells, CA 92210  
Phone: (513) 703-7244  
Fax: (513) 321-3929  
bbwhitmanlaw@aol.com  

John L. Heilbrun (0010192)  
9403 Kenwood Rd., Suite B-110  
Cincinnati, OH 45202  
Phone: (513) 321-3940  
Fax: (513) 321-3929  
john@johnheilbrun.com  

*Attorneys for Plaintiff Bruce Whitman*

</td><td>

Marc Rubin (0015760)  
Richard Campbell (0086943)  
COHEN, TODD, KITE & SANFORD, LLC  
250 East 5th Street, Suite 2350  
Cincinnati, OH 45202  
Phone: (513) 333-5216  
Fax: (513) 241-4490  
mrubin@ctks.com  
rcampbell@ctks.com  

*Attorneys for Defendant Estate of Roy M. Whitman, Esther Whitman, Extrx.*

</td></tr>
</table>

A copy will also be served to the following, via certified mail, return receipt requested:

Laura Whitman  
310West 72nd Street, APT. 3A  
New York, NY 10023  

Joy P. Whitman Rush  
7583 Country Lane, APT. 1  
Chagrin Falls, OH 44023  

Frederick D. Tucker  
2535 Langdon Farm Road  
Cincinnati, OH 45212  

                                                     */s/ Russell S. Sayre*_____