Court of Common Pleas
Hamilton County, Ohio

Bruce B. Whitman, Plaintiff, individually and on behalf
of Joy Whitman and Laura Whitman
76120 Osage Trail
Indian Wells, Ca. 92210

          3d Amended Complaint
          Case No. A1700302l

v.

          (Judge Ethna Cooper)

Estate of Roy M. Whitman, Esther Whitman, Extrx.
Defendant
7137 Fair Oaks Dr.
Cincinnati, Ohio 45237
And

Joined Defendants:

Allianz Life Insurance Company of
North America
5701 Golden Hill Dr.
Minneapolis, Minn. 55416

Serve:
CT Corp. System
400 Easton Commons Way Ste.126
Columbus, Ohio 43219

    and

Frederick D. Tucker
2535 Langdon Farm Rd.
Cincinnati, Ohio 45212

D119322890

FILED 2017 SEP -1 P 12: 45 CLERK OF COURTS HAMILTON COUNTY, OH COMMON PLEAS

1. Bruce Whitman, Joy Whitman and Laura Whitman (Whitman children) are children of Roy Whitman, Decedent, Case No. 2017 000083, Hamilton County, Ohio Probate Court. This Court has concurrent jurisdiction over these claims under ORC 2101.24 (A)(1).

2. All three timely served upon executor and filed claims in the probate court that they are entitled to the proceeds of any death benefit or annuity or other proceeds of Allianz Policy No. 6949081, 9068, 9092, 9057 and/or 9070 and New York Life Policy # 22147484 and/or Roy Whitman Trust, PNC Bank as trustee.

3. The Executrix of the estate rejected the Claims. Pursuant to RC 2117.30 (A)(1) and 2117.12, claimants must commence an action on the claims within 60 days after the rejection of the claim. This action is timely.

4. These claims are based on the express intent of the Executrix to wrongfully demand proceeds from the above annuities and insurance policies and use the proceeds to pay personal debts of the Executrix, or estate debts that have not been properly and timely served as claims, or debts that are not payable by the terms of certain trust instruments and annuities.

5. Whitman children are beneficiaries of the estate, the annuitants of the Allianz policies, and beneficiaries of Fund B of the Roy Whitman Trust, PNC Bank, Trustee.

6. In the event that the Executrix does demand and receive such proceeds into the estate, the Whitman children should first receive the proceeds of the Allianz annuities and his or her respective portion of the Roy Whitman Trust, Fund B.

7. Plaintiff further prays that the Court order that the Executrix disclose all bonds and bank accounts of the Decedent as the Decedent's divorce decree from his first wife and mother of the Whitman children mandated that Decedent create and maintain bank accounts and bonds to the benefit of the Whitman children.

**8. Joined Defendant, Allianz, is a Minnesota company doing business in Ohio in 2001 and at the present, and Joined Defendant, Frederick Tucker, was an insurance agent of Allianz in 2001 who sold the subject annuities to Roy M. Whitman, M.D., and the Plaintiff/annuitants in February 2001.**

FACTUAL BACKGROUND

9. Dr. Roy M. Whitman died on October 12, 2016. He left his spouse, Esther, and 5 children, three from his first marriage to Dorothy, Bruce, Joy and Laura, and two from his marriage to Esther, Rebecca and Michael.

10. Through hard work and industry, Roy had created some wealth in his lifetime. He created several trusts, the Roy Whitman trust, PNC trustee, to collect and distribute life insurance proceeds from New York Life, and a Whitman Family Trust, Esther Whitman, Trustee, to provide for the lifetime support of his wife, Esther, and upon her death, distribute any remaining assets to his five children.

11. Roy engaged in estate planning to best provide for his spouse and children. Many of Roy's assets were transferred outside of probate to Esther through POD accounts, beneficiary designations and lifetime transfer of the family home and other personal property.

12. For his children, Roy created several instruments: VA life insurance policies for each child (which have been distributed); certain bank accounts and bonds through the 1965 divorce decree for his three children from his first marriage (not yet distributed or disclosed); certain securities to his two children from his marriage to Esther; Allianz annuities created for each of the 5 children with a present value of about $14,800 for direct distribution to each outside of probate; and a New York Life insurance policy. The PNC Trust was created to collect the life insurance proceeds and pay specific expenses of the estate and then the remainder to be directly distributed to the five children in equal shares.

13. The Executrix of Roy's estate is Esther Whitman. The trustee of the Whitman Family Trust is also Esther Whitman. The trustee of the Roy Whitman trust is PNC Bank.

14. The Executrix has recently filed an inventory. The inventory wrongly purports that the Allianz annuities are assets of the estate.

15. The three children of Roy's first marriage have properly served claims for the proceeds of the Allianz annuities and New York Life insurance policies and any other proceeds they are entitled to. There is a dispute as to the lawful, ethical and proper distribution of those monies.

16. Plaintiff, Bruce Whitman and his siblings, contend that as annuitants they are entitled to direct distribution of the Allianz annuities or proceeds, and that the PNC Trust only provides for the payment of estate obligations/debts defined in Paragraph 4 (a) of that trust. The executrix asserts that some of her prior personal debts be paid as estate obligations by Allianz proceeds and/or New York Life proceeds. The payment of these debts, a dishonored check for @$20,000 written several years ago to Cedar Village and never made good, a credit card bill of over $13,000, and possibly other bills would defeat the interests of the Whitman children.

## FIRST CLAIM FOR RELIEF-REFORMATION

17. The Plaintiffs are equitable owners of the Allianz Annuities.

18. Allianz was negligent through its agent Fred Tucker in failing to properly prepare the annuities in the intent of the grantor/owner, who intended that the annuities be paid to the annuitants upon his death.

**19. Tucker and Allianz, which is vicariously liable for the conduct of Tucker, and directly for its conduct, in selling the Allianz annuities to Roy, negligently misrepresented that the proceeds upon Roy's death would go to each annuitant, and:**

    **a. Tucker and Allianz were acting in the course of their business;**
    **b. Supplied false information for guidance to Roy;**
    **c. Failed to exercise reasonable care in obtaining or communicating the information to the Annuitants;**
    **d. Plaintiffs and Roy justifiably relied on the information;**
    **e. Failure to pass the proceeds to Plaintiffs would result in a pecuniary loss.**

20. The Annuities are ambiguous in describing who receives the death benefit in the event the owner dies before the annuitant and before the annuitant has elected the form of payments.

21. The annuities should be reformed by the Court to fulfill the intent of the grantor/owner of the annuities to distribute the annuities to the annuitants upon his death and not to the executrix of his estate.

## SECOND CLAIM FOR RELIEF-CONSTRUCTIVE TRUST

22. A constructive trust should be imposed here as the executrix is attempting to claim legal title of the annuities in circumstance where she has admitted that the intent of the owner, the decedent, was to distribute the Allianz annuities to his 5 children upon his death.

23. The executor may not in good conscience claim the annuities from Allianz and use them to pay debts of the estate and personal debts wrongly purported to be debts of the estate.

24. The receipt of the Allianz annuities by the executrix and use to pay estate and personal debts would unjust enrich the executor of the estate.

25. This Court should order the executrix to convey ownership of the annuities to the 5 children to avoid unjust enrichment.

## THIRD CLAIM FOR RELIEF-PROMISSORY ESTOPPEL

26. Upon the death of Roy Whitman, Esther Whitman, his spouse and executrix of his estate, promised the children that she would do the "right thing" and assign the death benefit of each annuity to each annuitant/child of the decedent.

27. In furtherance of this promise, the executrix prepared and requested that each child sign an indemnification of Allianz to facilitate the distribution to each child.

28. The children in good faith reliance upon the promise each signed and returned the indemnification to the executrix.

29. The executrix has reneged on her promise to execute her paperwork and facilitate the distribution to the detriment of the children, and has made a claim and included the annuities in inventory.

30. The executrix should be estopped from her claim to the Allianz annuities and the Court should order that she fulfill her promise to assign the annuities to each child annuitant.

## FOURTH CLAIM FOR RELIEF-DECLARATORY JUDGMENT

31. Plaintiffs ask this Court to declare the rights and benefits of the Allianz annuities, **that the proceeds belong to the annuitants, that the annuitants were intended as parties to the annuities, as signatories to the annuities, and as beneficiaries upon the death of their father.**

32. The decedent and the executrix have both admitted to the children that the intent of the decedent was for Allianz or the executrix to distribute the entire proceeds to the annuitants upon his death.

**33. Therefore, this Court should declare that the proper construction of the annuities is that upon the death of the owner, the annuities, the proceeds of the annuities, and the ownership of the annuities pass to the annuitants not the estate, as that would create an unlawful and unconscionable result.**

# FIFTH CLAIM FOR RELIEF-FRAUD AND BREACH OF FIDUCIARY DUTY

**34. Esther, as the executrix of the estate and trustee of the Whitman Family Trust, has a fiduciary duty to the Plaintiffs.**

**35. She violated her fiduciary duty when she filed a claim for the proceeds of the Allianz policy in order to pay debts of the estate and personal debts, knowing that the intent of the decedent was to pass the annuities to his children, and knowing that the annuity applications were obtained by false misrepresentations by Tucker and Allianz.**

33. By information and belief she also violated her fiduciary duty to Plaintiffs by conveying Allianz proceeds directly or indirectly to her two children and not to the Plaintiffs.

### SIXTH CLAIM FOR RELIEF-BAD FAITH BY ALLIANZ

36. Allianz was informed by Esther as fiduciary that the intent of the decedent was to pass the annuities to each child upon his death.

37. By information and belief, Allianz was also informed by Tucker that decedent's intent was to pass the annuities to each child upon his death. Allianz knew that Plaintiffs had never signed the applications for annuities and that Tucker had negligently misrepresented the terms of the annuities to Roy and Bruce Whitman.

38. Bruce Whitman, and later, the other Plaintiffs, made a proper and lawful claim for the proceeds with Allianz on January 17, 2017.

39. By information and belief, Allianz learned from Esther and Tucker that these claims were made in good faith, that the applications were incomplete and never approved by the annuitant/children, that the policies should be reformed and that the proceeds should go to the Plaintiffs.

40. However, Allianz instead concocted a scheme in bad faith with Esther and her counsel to present an indemnification to the Plaintiffs, knowing that Esther and her counsel would attach unreasonable conditions as to the payment of so called debts of the estate.

41. Knowing that Esther then did not sign the indemnification, Allianz in bad faith delayed and refused to honor the claims of the Plaintiffs and threatened to interplead many months later.

42. Plaintiffs have suffered significant injury and damage from the bad faith of Allianz, including loss of inheritance, attorney fees and costs, mental anguish, emotional distress and other general damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demand that the Court order:

43. Allianz annuities are not assets of the estate and the named annuitants should be entitled to direct distribution of the annuities by Allianz as reformed, but in the event the estate demands and receives the annuities funds, under the above claims for relief, distribution of the entire proceeds

should be made to each annuitant, not to pay estate obligations, expenses or personal debts of the executor.

44. That the only estate assets from the Roy Whitman Trust/New York Life Insurance Company are lawful expenses under Section 4 (a) of that trust and Item One of the Will, and that the estate may not use that money to pay dishonored checks, credit card bills or debts or expenses outside the strict language of Section 4 (b) of that Trust.

45. The executrix must account for bank accounts and bonds of the Decedent to determine the benefits to Bruce, Joy and Laura Whitman that should exist in a significant amount with compounded interest, having been created in 1964 through the divorce decree in Hamilton County, Ohio.

46. The executrix may only collect the rightful assets of the estate, and may not self-deal by using the estate assets to pay personal obligations. The Will itself in Item One states that the Executrix may only pay the "legal obligations" of the estate.

47. That Executrix not demand proceeds of non-probate assets into the estate, but in the event that the Executrix does demand and receive such proceeds into the estate, that under theories of reformation and constructive trust and

unjust enrichment, the Whitman children receive the proceeds of Allianz annuities and their respective portion of the Roy Whitman Trust, Fund B.

48. That the Court order the executrix to perform as promised in assigning and distributing the entire proceeds of the Allianz annuities to each annuitant of each policy.

49. That the Court order disgorgement of any unjust enrichment or ill gotten gain by the executrix.

50. That the Court declare that the Allianz policies are ambiguous and that the intent of the decedent therefore controls and the executrix must distribute all Allianz proceeds to each child/annuitant.

51. An examination of the executrix under oath in open court on the matters stated in the above paragraphs pursuant to ORC 2113.26.

52. All costs, fees, and damages for unjust enrichment, breach of promise, emotional distress and mental anguish, to which the claimants are entitled be reimbursed by the estate or executrix and exemplary damages if Defendants are found to have knowingly misrepresented, breached any promise, fiduciary duty, misconduct, fraud or self-dealing, or acted with bad faith and/or intentional indifference to the legal rights of Plaintiffs.

s/Bruce B. Whitman (0003662)
76120 Osage Trail
Indian Wells, Ca. 92210
(513) 703-7244

Co-Counsel

John L. Heilbrun (0010192)
9403 Kenwood Rd. Ste. B-110
Cincinnati, Ohio 45242
(513) 321-3940

## CERTIFICATE OF SERVICE

I have served a copy of the above action upon Attorney Marc Rubin, Cohen Todd Kite and Stanford, LLC, Suite 2350 250 E. 5th St., Cincinnati, Ohio, 45202 this 22nd day of August, 2017.

s/Bruce B. Whitman

# EXHIBIT H

Case: 1:17-cv-00667-MRB Doc #: 1-7 Filed: 10/05/17 Page: 15 of 19 PAGEID #: 487

Case: 1:17-cv-00657-MRB Doc #: 1-1 Filed: 10/02/17 Page: 16 of 19 PAGEID #: 25

ELECTRONIC CERTIFIED MAIL SERVICE RETURN
AMENDED COMPLAINT
A 1703021     D2
ALLIANZ LIFE INS CO OF NORTH AMERICA
FILED: 09/11/2017  6:42:34

**UNITED STATES POSTAL SERVICE**

Date Produced: 09/11/2017

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0835 9040. Our records indicate that this item was delivered on 09/07/2017 at 11:10 a.m. in COLUMBUS, OH 43219. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient : 

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 13428463SEQ1

# EXHIBIT I

PerfectForm F4.48

# PROBATE COURT OF HAMILTON COUNTY, OHIO
## RALPH WINKLER, JUDGE

ESTATE OF ROY WHITMAN , DECEASED

CASE NO. 2017 000083

** AMENDED **

## SURVIVING SPOUSE, CHILDREN, NEXT OF KIN, LEGATEES AND DEVISEES
[R.C. 2105.06, 2106.13 and 2107.19]

[Use with those applications or filings requiring some or all of the information in this form, for notice or other purposes. Update as required.]

The following are decedent's known surviving spouse, children, and the lineal descendants of deceased children. If none, the following are decedent's next of kin who are or would be entitled to inherit under the statutes of descent and distribution.

| Name | Residence Address | Relationship to Decedent | Birthdate of Minor |
|---|---|---|---|
| ESTHER WHITMAN | 7137 FAIR OAKS DRIVE CINCINNATI, OH 45237 | Surviving Spouse | |
| JOY WHITMAN | 7583 COUNTRY LANE APT. 1 CHAGRIN FALLS, OHIO 44023 | DAUGHTER | |
| LAURA WHITMAN | 310 WEST 72ND ST. APT 3A NEW YORK, NY 10023 | DAUGHTER | |
| BRUCE WHITMAN | 76120 OSAGE TRAIL INDIAN WELLS, CA 92210 | SON | |
| MICHAEL WHITMAN | 212 S. LASKY DR. #7 BEVERLY HILLS, CA 90212 | SON | |
| REBECCA WHITMAN | 12724 CASWELL AVE. #5 LOS ANGELES, CA 90066 | DAUGHTER | |

[Check whichever of the following is applicable]

☐ The surviving spouse is the natural or adoptive parent of all of the decedent's children.

☒ The surviving spouse is the natural or adoptive parent of at least one, but not all, of the decedent's children.

☐ The surviving spouse is not the natural or adoptive parent of any of the decedent's children.

☐ There are minor children of the decedent who are not the children of the surviving spouse.

☐ There are minor children of the decedent and no surviving spouse.

FILED
COURT COMMON PLEAS PROBATE
RALPH WINKLER, JUDGE
2017 JUL 10 PM 12:44

FORM 1.0 - SURVIVING SPOUSE, CHILDREN, NEXT OF KIN, LEGATEES AND DEVISEES    12/01/2002

CASE NO. 2017 000083

The following are the vested beneficiaries named in the decedent's will:

| Name | Residence Address | Birthdate of Minor |
|---|---|---|
| ESTHER WHITMAN | 7137 FAIR OAKS DRIVE CINCINNATI, OH 45237 | |
| ESTHER WHITMAN, TRUSTEE Roy Whitman Family Trust 12202007 | 7137 FAIR OAKS DRIVE CINCINNATI, OH 45237 | |

**[Check whichever of the following is applicable]**

☐ The will contains a charitable trust or a bequest or devise to a charitable trust, subject to R.C. 109.23 to 109.41.

☒ The will is not subject to R.C. 109.23 to 109.41 relating to charitable trusts.

7-1-2017
Date

_Esther Whitman_
Applicant (or give other title)