# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRUCE B. WHITMAN, et al., | : | Case No. 1:17-cv-667 |
| | : | |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| ESTATE OF ROY W. WHITMAN, | : | |
| ESTHER WHITMAN, EXTRX., et al., | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING JOINT MOTION TO RELEASE INTERPLEADED FUNDS (DOC. 46) AND DENYING DEFENDANT ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES (DOC. 47) AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

---

This case is before the Court on the Joint Motion to Release Interpleaded Funds, Dismiss Allianz's Impleader Claim for Relief with Prejudice, and Dismiss Esther Whitman, Executrix and the Estate of Roy M. Whitman from this Action with Prejudice (Doc. 46) filed by Plaintiffs Bruce B. Whitman, Joy Whitman and Laura Whitman ("Plaintiffs") and Defendant Esther Whitman ("Esther"), Executrix, and the Estate of Roy M. Whitman, and the Motion for Award of Attorneys' Fees and Expenses (Doc. 47) filed by Defendant Allianz Life Insurance Company of North America ("Allianz"). The motions are fully briefed and ripe for review. For the reasons below, the Court **GRANTS** the Joint Motion to Release Interpleaded Funds (Doc. 46) and **DENIES** the Motion for Attorneys' Fees and Expenses (Doc. 47). As there appear to be no further contested

claims, cross-claims or counterclaims pending, the Court further **ORDERS** the parties to show cause why this case should not be dismissed in its entirety.

I.      **JOINT MOTION TO RELEASE INTERPLEADED FUNDS**

This action concerns three Allianz annuity policies, which Roy Whitman ("Roy"), now deceased, purchased in 2001. Upon Roy's death, the individual Plaintiffs and Esther, on behalf of Roy's Estate, claimed ownership of the annuities and their proceeds. Due to these competing claims, Allianz filed an interpleader claim to deposit the annuities with the Court until the question of who owned them was resolved. Having reached an agreement concerning distribution of the annuities, Plaintiffs and Esther now jointly move the Court to distribute those funds per their agreement, dismiss Allianz's interpleader claim, and dismiss Esther and Roy's Estate from this action with prejudice.

Defendant Frederick D. Tucker ("Tucker"), who Plaintiffs alleged made negligent misrepresentations in selling the annuities to Roy, filed a Memorandum in Opposition (Doc. 49) to the Joint Motion to Release Interpleaded Funds. Tucker's only argument, however, is that Plaintiffs' claim against him should be dismissed as moot if the dispute regarding ownership of the annuities is resolved. Tucker's argument is irrelevant to the issues raised by the Joint Motion and serves only as a procedurally improper motion to dismiss the claim against him. In any event, the Court has already dismissed the claim against Tucker in ruling on his and Allianz's Motion for Judgment on the Pleadings. (Doc. 54.) Tucker's argument therefore may be set aside.

Allianz opposes the Joint Motion on two grounds. (Doc. 51.) First, Allianz argues that the Court should not permit disbursement of the deposited funds until it has ruled

on Allianz's Motion for Attorneys' Fees and Expenses in connection with its interpleader claim. Second, Allianz argues, like Tucker, that the agreement between Plaintiffs and Esther renders the claims against Allianz moot. The second argument may be disregarded for the same reasons that the Court set aside Tucker's similar argument. Allianz does not oppose dismissal of its interpleader claim once the issue of its attorneys' fees is resolved.

As discussed below, the Court denies Allianz's Motion for Attorneys' Fees and Expenses—removing any concern that it might affect distribution of the deposited funds. Allianz has not sought attorneys' fees with respect to Plaintiffs' other claims, which have been dismissed. The Court therefore **GRANTS** the Joint Motion to Release Interpleaded Funds and **DISMISSES** Plaintiffs' claims against Esther and the Estate.

II. **MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Allianz moves for an award of attorneys' fees and expenses totaling $7,601.50 related to the filing of its interpleader claim. (Docs 47, 47-1.) Plaintiffs oppose Allianz's motion. (Doc. 48.)

"Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorney's fees." *Holmes v. Artists Rights Enforcement Corp.*, 148 Fed. Appx. 252, 259 (6th Cir. 2005) (quoting 7 Wright & Miller § 1719). The Sixth Circuit has long recognized, however, that a district court has authority to award reasonable attorney's fees in a statutory interpleader action. *Mut. Life Ins. Co. of New York v. Bondurant*, 27 F.2d 464, 465 (6th Cir. 1928). "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited

3

the disputed funds into court, and (4) has sought a discharge from liability." *Holmes*, 148 Fed. Appx. at 259 (citing *Septembertide Publ'g v. Stein and Day*, 884 F.2d 675 (2d Cir. 1989)). "The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate." *Id*.

Allianz argues that it is entitled to an award as a disinterested stakeholder that conceded liability, deposited the disputed funds into the Court, and sought discharge. Plaintiffs argue that the equities in this case are not that simple. They argue that Allianz is not a disinterested stakeholder because its professional negligence created the ambiguities in the annuities that led to this dispute. They allege that Allianz wrongfully withheld the proceeds from the annuities, despite allegedly knowing that Plaintiffs were entitled to them, and then sat on the disputed claim for almost a year before filing for interpleader. Plaintiffs also complain that Allianz refused to participate in mediation and, instead, aggressively litigated every issue in this case.

Based on the unique circumstances of this case, an award of attorneys' fees and expenses is not appropriate. Although Allianz did not have an interest in the deposited funds themselves, it did have an interest in this case. Plaintiffs allege that Allianz's professional negligence in issuing the annuities led to their dispute with Esther and Roy's Estate. Specifically, they allege that Tucker failed to obtain the necessary documentation to establish Roy's intent as to the annuities upon his death. The Court dismissed Plaintiffs' claims against Allianz and Tucker based on these allegations as barred by the statute of limitations. Their merits therefore have not been adjudicated. Nonetheless, Allianz had more at stake in this case than merely disbursing the annuities' proceeds.

Plaintiffs argue that this case might have never been filed, but for Allianz's insistence that Plaintiffs and Esther sign indemnification agreements before it would release the annuities. (Doc. 48 at 7-8.) After Esther refused to sign the indemnification agreement, the parties proceeded to litigation. Allianz's call logs support this view, and Allianz has not refuted it. It appears that Allianz required the indemnification agreements because the documentation for the annuities was incomplete or so ambiguous that it could not conclusively determine who was entitled to them. Allianz's insistence on indemnification agreements underscores the fact that it was not entirely disinterested in this matter. To the contrary, it recognized that it might have some liability and sought to protect itself accordingly. Thus, despite the fact that Allianz does not claim any interest in the annuities' proceeds, its interest in protecting itself from liability may have necessitated filing the interpleader claim.

In sum, this is not a situation where a truly disinterested stakeholder is forced to bring an interpleader action to extricate itself from someone else's dispute. In such cases, courts regularly award reasonable attorneys' fees and expenses in large part because the interpleader action serves only the disputing parties' interests. In this case, Allianz's role in the issuance of the annuities caused it to have an interest in how the parties resolved their dispute. The interpleader action thus served both Allianz's interests and the interests of the competing claimants. It would be inappropriate to shift Allianz's attorneys' fees and expenses under these circumstances—especially in light of the significance of the requested fees (approx. $7,650) relative to the total amount of the fund

5

(approx. $45,000). The Court therefore **DENIES** Allianz's Motion for Attorneys' Fees and Expenses (Doc. 47.)

### III. <u>CONCLUSION</u>

For the reasons above, the Court rules as follows:

1. The Joint Motion for Release of Interpleaded Funds (Doc. 46) is **GRANTED**;

    a. The Clerk of Court is hereby **ORDERED** to release the funds deposited with the Court pursuant to its previous Order (Doc. 29) granting Allianz's Motion to Implead Subject Annuities as follows:

        i. $42,000.00 to John L. Heilbrun, and

        ii. $3,029.43 to Donald J. Rafferty;

    b. Allianz's First Claim for Relief (Interpleader) (Doc. 2 at ¶ 16-20) in its Counterclaim and Crossclaim is **DISMISSED** with prejudice;

    c. Esther Whitman, Executrix and the Estate of Roy M. Whitman, is **DISMISSED** with prejudice from any and all claims and crossclaims;

2. Allianz's Motion for Attorneys' Fees and Expenses (Doc. 47) is **DENIED**; and

3. The remaining parties are hereby **ORDERED** to show cause, within seven days of entry of this Order, why this matter should not be dismissed in its entirety. Any response should not exceed three pages. Failure to respond to this Order to show cause will result in dismissal of the case and its termination on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 11, 2018.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE